**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Tiag Gifford,<br>Plaintiff,<br>v.<br>Commissioner of Social Security Administration,<br>Defendant. | No. CV-22-01567-PHX-DJH<br><br>**ORDER** |

Plaintiff Tiag Gifford ("Plaintiff") filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 23), seeking an award of $18,258.50. Plaintiff's Motion was backed by her Memorandum in Support. (*See* Doc. 24). The Social Security Administration ("SSA") Commissioner (the "Commissioner") filed a Response (Doc. 28) neither supporting nor opposing the award sought.

**I. Background**

Plaintiff filed Applications for Social Security Disability Insurance Benefits and Supplemental Security Income, claiming a disability onset date of May 29, 2015. (Doc. 1 at 2). These claims were originally denied and denied again on reconsideration. (*Id.*) Ultimately, The ALJ determined that Plaintiff was not disabled under the SSA, which became the final agency decision after it was adopted by the Appeals Council. (*Id.*). The district court then reversed this decision, and a new hearing was held. (*Id.*) After the hearing on remand, the ALJ issued a partially favorable decision, which again became a final agency action when the Appeals Council denied review. (*Id.*) Plaintiff then sought

judicial review of the ALJ's decision. (*See id.*). On March 30, 2024, the Court affirmed in part and reversed in part the ALJ's decision, and this matter was remanded for further proceedings. (*See* Doc. 19). The Court also issued Plaintiff an award of $9,346.30 in attorney fees and costs under the Equal Access to Justice Act ("EAJA"). (Doc. 22).

Most recently, on remand, Plaintiff received a favorable decision, and, of the awarded amount, $27,458.50 was set aside to pay Plaintiff's representatives. (Doc. 24 at 2). Counsel that represented Plaintiff before the agency petitioned for and received fees in the amount of $9,200.00. (*Id.*) Pursuant to the fee agreement, Plaintiff's counsel now seeks the remaining $18,258.50 in attorney fees for their representation of Plaintiff before the Court.

## II. Legal Standard

Section 406[1] establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Fees are payable out of, and not in addition to, the amount of the past-due benefits. *Id.* Before awarding fees, the Court must consider whether the 42 U.S.C. § 406(b) fee requested is (1) within the statutory guidelines; (2) consistent with the fee agreement; and (3) reasonable in light of the contingent-fee agreement. *Gisbrecht*, 535 U.S. at 807–08.

## III. Discussion

Plaintiff's counsel is seeking $18,258.50 in § 496(b) fees. (Doc. 24 at 1). Upon review of Plaintiff's Memorandum, the time expended and the amounts charged by Plaintiff's counsel are reasonable in this case. First, the fees sought adhere to § 406(b)'s guidelines. The SSA stated, in a communication with Plaintiff's counsel, that $27,458.50

[1] Unless where otherwise noted, all Section references are to the Social Security Act.

represented 25% of Plaintiff's past due benefits and was withheld for the payment of fees. (Doc. 24-1 at 3). Therefore, a request of $18,258.50 does not exceed the 25% threshold. Second, this amount does not contravene the fee agreement which clearly states that Plaintiff's attorney would be entitled to 25% of past-due benefits. (Doc. 24-2 at 2). Lastly, the requested fee is reasonable given the contingent-fee agreement because it reflects the nature of the recovery. (Doc. 24 at 5). Plaintiff's case had a substantial risk of loss because Plaintiff had been repeatedly denied on agency review before the initiating this civil action. (*Id.*) In sum, the Court finds that the amount requested is reasonable under *Gisbrecht* and will award Plaintiff $18,258.50 in § 406(b) fees.

Under the present circumstances, however, an offset is necessary. The Court granted the parties' Stipulation for Attorney Fees under the EAJA and awarded fees in the amount of $9,346.30. (Doc. 22). When an attorney receives an award under § 406(b) and the EAJA, the attorney must refund to the client the smaller of the awards. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012) (holding "[w]here the same attorney represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award"). Given the $18,258.50 award of § 406(b) fees to Plaintiff's counsel, the fees awarded under the EAJA here shall be refunded to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 23) is granted under 42 U.S.C. § 406(b). Plaintiff's counsel Sarah Fern is awarded $18,258.50 in attorney fees to be paid out of the sum from Plaintiff's past-due benefits.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the lesser of the fees awarded under 42 U.S.C. § 406(b) and the Equal Access to Justice Act.

Dated this 19th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge